UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KRIEGER, LTD. SRL, | ) | |
| Plaintiff, | ) | No. C08-4706 BZ |
| v. | ) | **ORDER SCHEDULING** |
| DESIGN WITHIN REACH, INC., | ) | **JURY TRIAL AND** |
| | ) | **PRETRIAL MATTERS** |
| Defendant. | ) | |

Following the Case Management Conference, **IT IS HEREBY**

**ORDERED** that the Joint Case Management Statement is adopted,

except as expressly modified by this Order.  It is further

**ORDERED** that:

1.    DATES

Trial Date: **Monday, 11/2/2009, 7 days**

Pretrial Conference: **Tuesday, 10/13/2009, 4 p.m.**

Last Day to Hear Dispositive Motions: **Wednesday, 8/12/2009**

Last Day for Expert Discovery: **Friday, 7/3/2009**

Last Day for Rebuttal Expert Disclosure: **Friday, 6/26/2009**

Last Day for Expert Disclosure: **Friday, 6/19/2009**

Close of Non-expert Discovery: **Friday, 6/12/2009**

1

1  2.    <u>DISCLOSURE AND DISCOVERY</u>

2       The parties are reminded that a failure to voluntarily

3  disclose information pursuant to Federal Rule of Civil

4  Procedure 26(a) or to supplement disclosures or discovery

5  responses pursuant to Rule 26(e) may result in exclusionary

6  sanctions.  Thirty days prior to the close of non-expert

7  discovery, lead counsel for each party shall serve and file a

8  certification that all supplementation has been completed.

9       In the event a discovery dispute arises, **lead counsel** for

10  each party shall meet in person or, if counsel are outside the

11  Bay Area, by telephone and make a good faith effort to resolve

12  their dispute.  Exchanging letters or telephone messages about

13  the dispute is insufficient.  The Court does not read

14  subsequent positioning letters; parties shall instead make a

15  contemporaneous record of their meeting using a tape recorder

16  or a court reporter.

17       In the event they cannot resolve their dispute, the

18  parties must participate in a telephone conference with the

19  Court **before** filing any discovery motions or other papers.

20  The party seeking discovery shall request a conference in a

21  letter filed electronically not exceeding two pages (with no

22  attachments) which briefly explains the nature of the action

23  and the issues in dispute.  Other parties shall reply in

24  similar fashion within two days of receiving the letter

25  requesting the conference.  The Court will contact the parties

26  to schedule the conference.

27  3.    <u>MOTIONS</u>

28       Consult Civil Local Rules 7-1 through 7-5 and this

1   Court's standing orders regarding motion practice.  Motions

2   for **summary judgment** shall be accompanied by a statement of

3   the material facts not in dispute supported by citations to

4   admissible evidence.  The parties shall file a joint statement

5   of undisputed facts where possible.  If the parties are unable

6   to reach complete agreement after meeting and conferring, they

7   shall file a joint statement of the undisputed facts about

8   which they do agree.  Any party may then file a separate

9   statement of the additional facts that the party contends are

10  undisputed.  A party who without substantial justification

11  contends that a fact is in dispute is subject to sanctions.

12       In addition to **lodging** a Chambers copy of all papers, a

13  copy of all briefs shall be e-mailed in WordPerfect or Word

14  format to the following address: bzpo@cand.uscourts.gov.

15  4.   SETTLEMENT

16       This case has been referred to Magistrate Judge Maria-

17  Elena James to conduct a settlement conference as early as

18  convenient.  Counsel will be contacted by that judge's

19  chambers with a date and time for the conference.

20  5.   PRETRIAL CONFERENCE

21       Not less than thirty days prior to the date of the

22  pretrial conference, the parties shall meet and take all steps

23  necessary to fulfill the requirements of this Order.

24       Not less than twenty-one days prior to the pretrial

25  conference, the parties shall: (1) serve and file a joint

26  pretrial statement, containing the information listed in

27  **Attachment 1**, and a proposed pretrial order; (2) serve and

28  file trial briefs, Daubert motions, motions *in limine*, and

3

1  statements designating excerpts from discovery that will be

2  offered at trial (specifying the witness and page and line

3  references); (3) exchange exhibits, agree on and number a

4  joint set of exhibits and number separately those exhibits to

5  which the parties cannot agree; (4) deliver all marked trial

6  exhibits directly to the courtroom clerk, Ms. Voltz; (5)

7  deliver one extra set of all marked exhibits directly to

8  Chambers; and (6) submit all exhibits in three-ring binders.

9  Each exhibit shall be marked with an exhibit label as

10  contained in **Attachment 2**.  The exhibits shall also be

11  separated with correctly marked side tabs so that they are

12  easy to find.

13      No party shall be permitted to call any witness or offer

14  any exhibit in its case in chief that is not disclosed at

15  pretrial, without leave of Court and for good cause.

16      Lead trial counsel for each party shall meet and confer

17  in an effort to resolve all disputes regarding anticipated

18  testimony, witnesses and exhibits.  All Daubert motions,

19  motions *in limine*, and objections will be heard at the

20  pretrial conference.  Not less than eleven days prior to the

21  pretrial conference, the parties shall serve and file any

22  objections to witnesses or exhibits or to the qualifications

23  of an expert witness.  Oppositions shall be filed and served

24  not less than eleven days prior to the conference.  There

25  shall be no replies.

26      Not less than twenty-one days prior to the pretrial

27  conference the parties shall serve and file requested voir

28  dire questions, jury instructions, and forms of verdict.  The

4

1  following jury instructions from the *Manual of Model Civil*

2  *Jury Instructions for the Ninth Circuit* (2007 ed.) will be

3  given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11,

4  3.1-3.3.  Do not submit a copy of these instructions.  Counsel

5  shall submit a joint set of case specific instructions.  Any

6  instructions on which the parties cannot agree may be

7  submitted separately.  The Ninth Circuit Manual should be used

8  where possible.  Each requested instruction shall be typed in

9  full on a separate page with citations to the authority upon

10  which it is based.  Proposed jury instructions taken from the

11  Ninth Circuit Manual need only contain a citation to that

12  source.  Any modifications made to proposed instructions taken

13  from a manual of model instructions must be clearly indicated.

14  In addition, all proposed jury instructions should conform to

15  the format of the Example Jury Instruction attached to this

16  Order.  Not less than eleven days prior to the pretrial

17  conference, the parties shall serve and file any objections to

18  separately proposed jury instructions.

19       Jury instructions that the Court has given in prior cases

20  may be downloaded from the Northern District website at

21  **http:\\www.cand.uscourts.gov**.  (Instructions are located on

22  the "Judge Information" page for Magistrate Judge Zimmerman).

23  The Court will generally give the same instructions in cases

24  involving similar claims unless a party establishes, with

25  supporting authorities, that the instruction is no longer

26  correct or that a different instruction should be given.  CACI

27  instructions generally will be given instead of BAJI

28  instructions.

1      A copy of all pretrial submissions, except for exhibits,

2  shall be e-mailed in WordPerfect or Word format to the

3  following address: bzpo@cand.uscourts.gov.

4      At the time of filing the original with the Clerk's

5  Office, two copies of all documents (but only one copy of the

6  exhibits) shall be delivered directly to Chambers (Room 15-

7  6688).  Chambers' copies of all pretrial documents shall be

8  three-hole punched at the side, suitable for insertion into

9  standard, three-ring binders.

10  Dated: March 31, 2009

11

                            Bernard Zimmerman

12                 United States Magistrate Judge

13

14  G:\BZALL\-BZCASES\KRIEGER V. DESIGN WITHIN REACH\SCHEDULING ORDER.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>**ATTACHMENT 1**</u>

2

    The parties shall file a joint pretrial conference statement containing the following information:

3

    (1) **The Action.**

4

5

        (A)  Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

6

7

        (B)  Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

8

9

10

11

12

13

    (2) **The Factual Basis of the Action.**

14

        (A)  Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

15

16

17

18

19

        (B)  Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

20

21

22

        (C)  Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

23

24

25

        (D)  Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

26

27

    (3) **Trial Preparation.**

28

    A brief description of the efforts the parties have

7

1  made to resolve disputes over anticipated testimony,
   exhibits and witnesses.

2

3          (A)  Witnesses to be Called. In
                lieu of FRCP 26(a)(3)(A), a
                list of all witnesses likely

4               to be called at trial, other
                than solely for impeachment or

5               rebuttal, together with a
                brief statement following each

6               name describing the substance
                of the testimony to be given.

7

8          (B)  Estimate of Trial Time. An
                estimate of the number of
                court days needed for the

9               presentation of each party's
                case, indicating possible

10              reductions in time through
                proposed stipulations, agreed

11              statements of facts, or
                expedited means of presenting

12              testimony and exhibits.

13         (C)  Use of Discovery Responses. In
                lieu of FRCP 26(a)(3)(B), cite

14              possible presentation at trial
                of evidence, other than solely

15              for impeachment or rebuttal,
                through use of excerpts from

16              depositions, from
                interrogatory answers, or from

17              responses to requests for
                admission.  Counsel shall

18              state any objections to use of
                these materials and that

19              counsel has conferred
                respecting such objections.

20
           (D)  Further Discovery or Motions.

21              A statement of all remaining
                motions, including Daubert

22              motions.

23    (4)  **Trial Alternatives and Options.**

24         (A)  Settlement Discussion. A
                statement summarizing the

25              status of settlement
                negotiations and indicating

26              whether further negotiations
                are likely to be productive.

27
           (B)  Amendments, Dismissals. A

28              statement of requested or

                         8

proposed amendments to
pleadings or dismissals of
parties, claims or defenses.

       (C)   Bifurcation, Separate Trial of
Issues. A statement of whether
bifurcation or a separate
trial of specific issues is
feasible and desired.

   (5) **Miscellaneous.**

Any other subjects relevant to the trial of the action,
or material to its just, speedy and inexpensive
determination.

9

**ATTACHMENT 2**

**USDC**
Case No. CV08-04706 BZ
**JOINT** Exhibit No._____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04706 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04706 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No.  CV08-04706 BZ
**JOINT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No.  CV08-04706 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04706 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04706 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04706 BZ
**PLNTF** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04706 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04706 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04706 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____

**USDC**
Case No. CV08-04706 BZ
**DEFT** Exhibit No. _____

Date Entered _____

Signature _____